# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR JOHNSON,<br><br>                    Plaintiff,<br><br>       v.<br><br>NORM KRAMER, et al.,<br><br>                    Defendants. | 1:15-cv-01338-LJO-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 12.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS** |

**I.      BACKGROUND**

Lamar Johnson ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On January 8, 2015, Plaintiff and a co-plaintiff, William Stafford, filed the Complaint commencing this action.  (ECF No. 1.)  On September 2, 2015, the court dismissed the Complaint for failure to state a claim, severed Plaintiffs' claims, and directed the Clerk to open a new case for Plaintiff.  (ECF No. 2.)  Plaintiff was ordered to file an amended complaint in his new case.  (Id.)

On October 13, 2015, Plaintiff filed the First Amended Complaint.  (ECF No. 8.)  On June 24, 2016, the court dismissed the First Amended Complaint for failure to state a claim, with leave to amend.  (ECF No. 11.)

On July 21, 2016, Plaintiff filed the Second Amended Complaint, which is now before the court for screening.  (ECF No. 12.)

## II. SCREENING REQUIREMENT

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is a civilly detained patient held under the Sexually Violent Predator Act at Coalinga State Hospital (CSH) in Coalinga, California, in the custody of the California Department of State Hospitals (CDSH), where the events at issue in the Second Amended Complaint allegedly occurred. Plaintiff names one defendant, Pam Ahlin ("Defendant").

Plaintiff makes the following allegations. Plaintiff, an African-American male, has resided at CSH since 2011. Plaintiff is housed at CSH for the purpose of receiving psychiatric

care and treatment for a mental disorder.  CSH is located in Fresno County, an area known to harbor the fungus Coccidiodomycosis in the soil, which can cause the disease known as Valley Fever in individuals residing, visiting, or even passing through an endemic area.

Defendant Pam Ahlin is and was the Executive Director of CSH, and she is now the Executive Director of CDSH.  At all times relevant to Plaintiff's complaint defendant Ahlin was in the seat of authority in Sacramento.  Defendant Ahlin arranged for Plaintiff to be sent to CSH for involuntary mental health treatment.

Plaintiff holds Defendant responsible for placing him in danger of exposure to Valley Fever, with intent to harm.  Plaintiff alleges that Defendant had direct and specific scientific and medical health knowledge of the dangers of Valley Fever from studies done at nearby Pleasant Valley State Prison.  CSH's policies, practice, and the acts of Defendant constitute deliberate indifference to Plaintiff's constitutional and statutory rights to be free of exposure to Valley Fever and to be protected against windblown spores.  Valley Fever is a serious threat to the health of African-Americans.  As the result of negligence in Defendant's decision-making, Plaintiff is held in an environment that could potentially cause him to experience a permanent crippling physical injury if he becomes infected.  Plaintiff is not responsible for his placement in the dangerous and threatening environment that harbors Valley Fever spores.

Plaintiff requests monetary damages, declaratory relief, injunctive relief, costs of suit, and attorney's fees.

## IV. PLAINTIFF'S CLAIMS

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals.  <u>Jones v. Blanas</u>, 393 F.3d 918, 931-32 (9th Cir. 2004).  Plaintiff's right to constitutionally adequate conditions of confinement is protected by

///

the substantive component of the Due Process Clause. <u>Youngberg v. Romeo</u>, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982).

### A.     <u>Prior Screening Order</u>

The court's prior screening order found that Plaintiff's First Amended Complaint failed to state a claim, because Plaintiff's allegations were largely speculative and he failed to allege facts showing that any Defendant knew of a substantial risk of serious harm to Plaintiff and failed to prevent it.

Plaintiff's Second Amended Complaint suffers from the same deficiencies. Plaintiff names one defendant, Pam Ahlin, in doing so he fails to describe any personal acts by Defendant showing that she knew Plaintiff was at risk of serious harm and consciously disregarded the risk, causing Plaintiff harm. As in the First Amended Complaint, Plaintiff speculates in the Second Amended Complaint that Defendant knew about the risks of Valley Fever because of studies at Pleasant Valley State Prison. Plaintiff again alleges that Defendant placed Plaintiff at CSH knowing that he was at substantial risk of serious harm to his health and yet failed to put preventative measures in place to reduce the risk of disease at CSH. These conclusory statements fail to state any claims against Defendant. Plaintiff has not set forth <u>facts</u> in the Second Amended Complaint demonstrating that Defendant personally violated his rights.

### B.     <u>Linkage</u>

As explained above, section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. <u>Nurre</u>, 580 F.3d at 1092; <u>Long</u>, 442 F.3d at 1185; <u>Jones</u>, 297 F.3d at 934. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. <u>Iqbal</u>, 556 U.S. at 676-77, 129 S.Ct. at 1949; <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones</u>, 297 F.3d at 934. Therefore, Plaintiff must link the named defendants to the participation in the violation at issue.

Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934, and supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Some culpable action or inaction must be attributable to Defendant and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, as alleged here, may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991).

Defendant Ahlin holds a supervisory position. Plaintiff has not alleged facts demonstrating that Defendant "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Insofar as he cites a policy and/or custom, Plaintiff has not demonstrated that any policy or custom was the moving force behind the violation. Moreover, Plaintiff alleges conclusory, speculative allegations and has not set forth facts upon which the requisite liability may be based. Therefore, Plaintiff fails to state a claim against Defendant Ahlin, and Defendant Ahlin should be dismissed from this action.

### C. Fourteenth Amendment

The substantive component of the Due Process Clause protects civil detainees from unconstitutional conditions of confinement and ensures a plaintiff's right to personal safety while in a state detention facility. Youngberg, 457 U.S. at 315. Such individuals are "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Id., 457 U.S. at 321-22.

Plaintiff fails to raise a claim that adequately supports a violation of his rights under the Fourteenth Amendment. "Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a

plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc. v. Swift-Eckrick, Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment, rather than the Due Process Clause of the Fourteenth Amendment, governs Plaintiff's claims.

### D.   Eighth Amendment

Under the Eighth Amendment, "prison officials are . . . prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." Parsons v. Ryan, 754 F.3d 657, 677 (9th Cir. 2014); see also Helling v. McKinney, 509 U.S. 25, 35 (1993); Farmer v. Brennan, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm). "Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" Solis v. Cnty. of Los Angeles, 514 F.3d 946, 957 (9th Cir. 2008). A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling, 509 U.S. at 35.

"The second step, showing 'deliberate indifference,' involves a two part inquiry." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." Id. (quoting Farmer, 511 U.S. at 837). "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious." Id. (citation omitted). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id. (citing Farmer, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.") (footnote omitted).

As explained above, Plaintiff has failed to sufficiently allege that Defendant knew of a substantial risk of serious harm and failed to prevent it. While Plaintiff contends that Defendant had direct and specific scientific and medical health knowledge of the dangers of Valley Fever, he has not provided any factual allegations for the court to infer that Defendant received documents or other information and was aware of the contents. Even if Plaintiff could prove knowledge, he would need to plausibly allege that Defendant exhibited deliberate indifference in taking, or failing to take, action. See Lua v. Smith, 2015 WL 1565370 (E.D. Cal. 2015). Plaintiff has not done so. Therefore, Plaintiff fails to state a claim for Eighth Amendment deliberate indifference against Defendant.

While the Court recognizes that the exact circumstances required to state a claim under the Eighth Amendment based on Valley Fever exposure are not clear, it is well settled that exposure to, and contraction of, Valley Fever while housed at an endemic institution are not, by themselves, sufficient to state a claim under the Eighth Amendment. In other words, the premise that the location of CSH is so inherently dangerous due to the presence of Valley Fever cannot support a constitutional violation. See Hines v. Youssef, 2015 WL 164215, at *4 (E.D. Cal. 2015) (rejecting African-American asthmatic prisoner's Eighth Amendment claim arising from exposure to and contraction of Valley Fever); accord Williams v. Biter, 2015 WL 1830770, at *3 (E.D. Cal. 2015). This premise is unacceptable where free citizens residing in the surrounding areas tolerate this increased risk, regardless of race or medical condition. "An individual who lives out of custody . . . anywhere in the Southern San Joaquin Valley is at relatively high risk exposure to Coccidioides immitis spores," and "[u]nless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk society would not tolerate." Hines, at *4; see also Smith v. State of California, Case No. 1:13-cv-0869-AWI-SKO (PC), 2016 WL 398766, *1 (E.D. Cal. Feb. 2, 2016); see also Cunningham v. Kramer, Case No. 1:15-cv-01362-AWI-MJS (PC), 2016 WL 1545303 (E.D. Cal. Apr. 15, 2016) (discussing history of case law in Valley Fever cases).

Therefore, merely being confined in an area in which Valley Fever spores are present does not state a claim under the Eighth Amendment.  Here, Plaintiff fails to allege facts to indicate that the risk of exposure to Valley Fever at Coalinga State Hospital is any higher than the surrounding community.  Therefore, Plaintiff fails to state a claim for his exposure to Valley Fever.

### E.   Fourth Amendment

Plaintiff does not state the basis for his Fourth Amendment claim and the Court can discern no such basis.  Accordingly, this claim should be dismissed.

### F.   Federal Tort Claims Act

Plaintiff states that he "invokes the pendent jurisdiction under the Federal Tort Claims Act." (ECF No. 12 at 7.)  "The FTCA is a limited waiver of sovereign immunity, authorizing suit against the United States for tortious performance of governmental functions in limited cases," Bibeau v. Pacific Northwest Research Found., Inc., 339 F.3d 942, 945 (9th Cir. 2003), and the waiver "is strictly construed in favor of the sovereign . . . ," FDIC v. Craft, 157 F.3d 697, 707 (9th Cir. 1998).  "The United States is the only proper defendant in a [Federal Tort Claims Act] action." Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)).

In addition, a suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made.  28 U.S.C. § 2675(a).  The claim presentation requirement is a jurisdictional prerequisite to bringing suit and must be affirmatively alleged in the complaint. Gillispie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

Plaintiff fails to allege that he presented a claim to the appropriate federal agency.  Moreover, Plaintiff has not named the United States as a defendant.  Therefore, Plaintiff fails to state a claim under the Federal Torts Claim Act.

### G.   State Law Claims

Plaintiff brings claims for negligence, which is a state tort, and for violation of various state statutes and other state laws. Violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002).

Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Here, because the court finds that Plaintiff has not stated any federal claims in the Second Amended Complaint, the Court shall not exercise supplemental jurisdiction over his state law claims. Parra v. PacifiCare of Ariz., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013) (citing 28 U.S.C. § 1367(c)(3)). Therefore, Plaintiff's state law claims should be dismissed.

**V.      CONCLUSION AND ORDER**

The court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted under section 1983. The court previously granted Plaintiff leave to

amend the complaint, with ample guidance by the court. Plaintiff has now filed three complaints without stating any claims upon which relief may be granted under § 1983. The court finds that the deficiencies outlined above are not capable of being cured by amendment,

///

and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983; and

3. The Clerk be directed to close this case

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 22, 2017**          **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE